## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 27 2017, 10:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Brian A. Karle | Curtis T. Hill, Jr. |
| Ball Eggleston, PC | Attorney General of Indiana |
| Lafayette, Indiana | |
| | Caryn N. Szyper |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John W. Wright, | February 27, 2017 |
| *Appellant-Defendant,* | Court of Appeals Case No. 79A02-1607-CR-1634 |
| v. | Appeal from the Tippecanoe Superior Court |
| State of Indiana, | The Honorable Steven P. Meyer |
| *Appellee-Plaintiff.* | Trial Court Cause No. 79D02-1508-F4-8 |

**Najam, Judge.**

## Statement of the Case

John W. Wright appeals his conviction for dealing in methamphetamine, as a Level 4 felony, following a bench trial. Wright presents a single issue for our review, namely, whether the State presented sufficient evidence to prove that the offense occurred within 500 feet of a public park. We affirm.

## Facts and Procedural History

On August 10, 2015, at approximately 6:30 p.m., Adam Wright called 9-1-1 to report that his brother, Wright, was operating a "meth lab" in an apartment located in a duplex at 532 Duroc Court in Lafayette. Tr. at 42. After officers with the Lafayette Police Department arrived at the scene, they surrounded the duplex and smelled a "chemical odor" consistent with the manufacture of methamphetamine coming from open windows in the residence. *Id.* at 43. One officer looked through a window and saw a man, later identified as Wright, "doing something with tin foil" in the kitchen. *Id.* at 44. A short time later, Wright exited the residence, and officers arrested him.

The State charged Wright with dealing in methamphetamine, as a Level 4 felony, and possession of chemical reagents or precursors with intent to manufacture controlled substances, as a Level 5 felony. The trial court found Wright guilty as charged following a bench trial, but the court only entered judgment of conviction for dealing in methamphetamine. The trial court sentenced Wright to seven years, with three years executed, two years in

community corrections, and two years suspended to probation. This appeal ensued.

## Discussion and Decision

[4] Wright contends that the State presented insufficient evidence to support his conviction for a Level 4 felony. In particular, Wright maintains that the State did not prove that the offense occurred within 500 feet of a public park, which is required to elevate the offense from a Level 5 felony to a Level 4 felony.[1] *See* Ind. Code § 35-48-4-1.1(a)(1)(A) (2015) and § 35-48-1-16.5(3)(B)(ii). We cannot agree.

[5] In reviewing a sufficiency of the evidence claim, we do not reweigh the evidence or assess the credibility of the witnesses. *Sharp v. State*, 42 N.E.3d 512, 516 (Ind. 2015). Rather, we look to the evidence and reasonable inferences drawn therefrom that support the judgment, and we will affirm the conviction if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Id.*

[6] Wright concedes that "the State proved Armstrong Park was within five hundred feet of the residence at the time of trial," but he maintains that the State did not present any evidence showing that that park existed *at the time of the offense*. Appellant's Br. at 9. Wright is wrong. The State presented evidence

---

[1] Wright does not challenge the sufficiency of the evidence to support any of the other elements of the offense.

that, on August 10, 2015, while en route to investigate the meth lab at 532 Duroc Court, Officer Austin Schutter passed "Armstrong Park," where he observed "numerous children and adults" playing sports and otherwise using the park. Tr. at 94. As such, the State presented sufficient evidence to support Wright's conviction for dealing in methamphetamine, as a Level 4 felony.

[7] Affirmed.

Bailey, J., and May, J., concur.